# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**WANDA JO IRWIN, et al**                                        **PLAINTIFFS**

**VERSUS**                                    **CIVIL ACTION NO. 2:04CV15-P-A**

**CATERPILLAR, INC. AND**
**J.A. RIGGER TRACTOR CO.**                                **DEFENDANTS**

## ORDER

This cause is before the Court on the plaintiffs' Motion in Limine [70-1]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiffs seek the entry of an order which prohibits the defendants from making any mention or interrogation, directly or indirectly, concerning any of the matters set forth without first approaching the bench and obtaining a ruling from the Court with regard to the contention that any of the decedent's personal habits, including drug habits, contributed to the October 10, 2003 accident which forms the basis for this litigation. Plaintiffs also request that the defendants be precluded from introducing evidence which violates the collateral source rule.

Although the Court refrains from making a final ruling on the admissibility of evidence pertaining to the decedent's use of illegal drugs or prescription medications which may have impaired his ability to operate heavy equipment, the defendants have presented no evidence which ties the use of such substances to the accident. Instead, defendants merely refer to blood tests which establish his use of marijuana some time prior to the accident. The evidence before the Court is even

more tenuous with respect to the prescription medications at issue–defendants simply state that at the time of the accident Irwin had prescriptions for Klonopin and Xanax. Nothing in the record indicates that Irwin was under the influence of those medications at the time of the accident. Based on the current record, the Court exercises its discretion by forbidding the defendant to mention these matters in the presence of the jury panel without first obtaining a ruling regarding the admissibility of said evidence.

Defendants are also to refrain from making any statement or introducing any evidence which would violate the tenets of the collateral source rule.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiffs' Motion in Limine [70-1] is well-taken and should be, and hereby is, GRANTED.

SO ORDERED, this the 21st day of April, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE